### CZARNECKI *v.* CZARNECKI.

1. DIVORCE—EVIDENCE—SUFFICIENCY.

A decree of divorce granted to the husband on his cross-bill alleging extreme cruelty, drunkenness, and adultery, and awarding him the custody of a 14-year old daughter, was justified by the evidence.[1]

2. SAME—DETERMINATION OF COURT BELOW ALLOWED TO STAND WHERE QUESTION SHARPLY CONTROVERTED.

Where the question of whether the wife, shortly before she filed the bill for divorce, received from the husband a certain sum of money, was sharply controverted, the determination of the circuit judge, who had the advantage of seeing the parties, was allowed to stand, on appeal.[2]

3. SAME—SUPREME COURT PASSES ON RECORD MADE IN CIRCUIT.

Although the Supreme Court hears appeal in divorce suit *de novo*, it passes upon the record made in the circuit court, and therefore, on the wife's motion for allowance of temporary alimony and expense money, will not consider affidavits setting up alleged statements made by the husband after the decree to him was granted.[3]

Appeal from Wayne; Codd (George P.), J. Submitted April 6, 1926. (Docket No. 9.) Decided June 7, 1926. Rehearing denied July 21, 1926.

Bill by Josephine Czarnecki against Martin Czarnecki for a divorce. Defendant filed a cross-bill for a divorce. From a decree for defendant, plaintiff appeals. Affirmed.

*William Look,* for plaintiff.

*Harry J. Lippman* (*Ernest W. Ver Wiebe,* of counsel), for defendant.

WIEST, J. Plaintiff appealed from a decree of

[1] Divorce, 19 C. J. §§ 355, 367, 798; [2] Id., 19 C. J. § 479 (Anno); [3] Id., 19 C. J. § 767 (Anno).

Charges of adultery and extreme cruelty as grounds for divorce, see notes in 18 L. R. A. (N. S.) 300; 34 L. R. A. (N. S.) 360.

divorce granted defendant on allegations of extreme cruelty, habitual drunkenness and adultery, alleged in an answer in the nature of a cross-bill.    The parties were married January 15, 1910, at the city of Szczebrzeszyn, Poland, and have one daughter, now about 14 years of age.

The record has been read with care, and we are persuaded that the decree in the circuit should be affirmed.    It would be of no benefit to the profession to state the evidence at length.    While drunk, plaintiff jumped upon her daughter from a chair and broke the girl's leg.    She made the home a resort for men seeking intoxicating liquor.    Her relations with a boarder were wholly at variance with the common dictates of virtue.    In considering the charge of adultery we have, of course, wholly disregarded the testimony of defendant.    The decree awarded the custody of the child to defendant, and this was justified by the evidence.

There was sharp controversy over the fact of whether plaintiff received $2,500 from defendant shortly before the bill was filed.    Upon this question the circuit judge had the advantage of seeing the parties, and we are disposed to let the matter abide his determination.    At the time of the alleged payment defendant withdrew $4,400 from places of deposit.

Defendant's petition to have plaintiff surrender the wearing apparel of himself and daughter, and that she be restrained from interfering with his renting of the house granted him in the decree, has been considered, and we feel that the matters, if not composed by our disposition of the case, should be presented in the circuit.

At the argument we were urged by counsel for plaintiff to consider affidavits filed upon a motion for allowance of temporary alimony and expense money, setting up alleged statements made by defendant, after the

decree, to the effect that he had not paid his wife $2,500. We cannot give consideration thereto. While we hear the case *de novo* we pass upon the record made in the circuit.

The decree is affirmed, without costs.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, CLARK, and MCDONALD, JJ., concurred.